UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **BILLIOT, et al** | **CIVIL ACTION NO. 10-1183** |
| -vs- | **JUDGE DRELL** |
| **CANAL INDEMNITY COMPANY,** *et al.* | **MAGISTRATE JUDGE KIRK** |

**REPORT AND RECOMMENDATION**

Before the Court is plaintiff's motion to remand, Doc. # **7**, referred to me by the district judge for Report and Recommendation.

FACTUAL BACKGROUND

This is a suit for damages by the husband and children of Erica Billiot who died in an automobile accident when she was engaged in passing an 18-wheeler which turned left in her path. Defendants are Jeansonne Land Company, LLC, dba GR&D Logging (Jeansonne) and its employee, Ernest Griffin, along with the insurer of Jeansonne, Canal Indemnity Company (Canal). Suit was filed in Avoyelles Parish and was removed by Canal and Jeansonne to this court on the basis of diversity jurisdiction. Canal is a foreign company and Jeansonne and Mr. Griffin are Louisiana residents.

Plaintiffs filed the instant motion to remand asserting that, because both Jeansonne and Griffin are residents of Louisiana which is the forum state, under paragraph (b) of 28 U.S.C. §1441 the case is non-removable. The provision states:

" . . . such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

In response, defendants assert that the operative language of the provision is defendants who are "properly joined and served" and that Griffin was not served at the time of removal and Jeansonne is the wrong party and so is not properly joined. Defendants show that Jeansonne did not own the truck involved and that Griffin was not an employee of the company. Defendants have filed a motion for summary judgment asserting this defense to which plaintiffs have filed a response stating that they have no opposition to the dismissal of Jeansonne.

In reply, plaintiffs have filed proof that Griffin was served.

## DISCUSSION

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Fraudulent Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an

2

inability of a plaintiff to establish a cause of action against a defendant in state court. McKee v. Kansas City Southern Railway Co., 358 F.3d 329, 333 (5th Cir. 2004). More specifically, there must be an arguably reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendant's burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. Travis, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.*

Based on plaintiff's consent to Jeansonne's motion for summary judgment, I find that Jeansonne was not properly joined as a defendant within the meaning of 28 U.S.C §1441(b) at the time the removal was filed. I also find that Griffin was not served att he time the removal was filed. The proof of service filed by plaintiffs shows that he was served by

3

domiciliary service on July 23, 2010. However, the removal was filed the day before, July 22, 2010. Therefore, Griffin was not "properly served" at the time of removal under the statute.

The result is that the case was removable by Canal despite the fact that Jeansonne and Griffin were citizens of Louisiana, the forum state, under 28 U.S.C. §1441(b).

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the plaintiffs' motion to remand, doc. #7, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling. **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL**

**THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, November 8, 2010.

```
_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE
```